UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHAEL A. DOTEN, | ) | |
| Petitioner, | ) | 3:08-cv-0642-ECR-RAM |
| vs. | ) | **ORDER** |
| JACK PALMER, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Michael A. Doten, a Nevada state prisoner.

On November 13, 2009, this Court granted respondents' motion to dismiss, finding that Grounds One, Three, Four, Six, and a portion of Ground Five of the federal habeas petition are unexhausted. (Docket #21). The Court gave petitioner the option of abandoning his unexhausted claims and proceeding on his exhausted claims, or in the alternative, to seek a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). (Docket #21).

Petitioner has filed a motion for issuance of a stay and abeyance order under *Rhines v. Weber*, so that he might return to state court to exhaust the unexhausted grounds of his habeas petition. (Docket #24).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). This Court has declined to prescribe the strictest possible standard for issuance of a stay. "[I]t would appear that good cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Riner v. Crawford*, 415 F. Supp.2d 1207, 1210 (D. Nev. 2006). Thus, a petitioner's confusion over whether or not his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court. *See Riner v. Crawford*, 412 F. Supp.2d at 1210 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005)).

1    In the instant case, this Court finds that petitioner has demonstrated good
2 cause under *Rhines* for the failure to exhaust Grounds One, Three, Four, Five, and Six of
3 his federal habeas petition. Further, the grounds are not "plainly meritless" under the
4 second prong of the *Rhines* test. Finally, there is no indication that petitioner engaged in
5 dilatory litigation tactics. This Court concludes that petitioner has satisfied the criteria for a
6 stay under *Rhines*.

7    **IT IS THEREFORE ORDERED** that petitioner's motion (Docket #24) for issuance
8 of stay and abeyance order under *Rhines v. Weber* is **GRANTED**.

9    **IT IS FURTHER ORDERED** that this action is **STAYED** pending exhaustion of
10 the unexhausted claims. Petitioner may move to reopen the matter following exhaustion of the
11 claims.

12    **IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner
13 filing a state post-conviction petition or other appropriate proceeding in state court within **forty-five**
14 **(45) days** from the entry of this order and returning to federal court with a motion to reopen within
15 **forty-five (45) days** of issuance of the remittitur by the Supreme Court of Nevada at the conclusion
16 of the state court proceedings.

17    **IT IS FURTHER ORDERED** that the Clerk shall **ADMINISTRATIVELY**
18 **CLOSE this action, until such time as the Court grants a motion to reopen the matter**.

19    Dated this 5th day of April, 2010

         *Edward C. Reed*
21       UNITED STATES DISTRICT JUDGE

3